**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRUCE A. STEWARD, ) | |
| ) | CASE NO. 1:05CV551 |
| Petitioner, ) | |
| ) | JUDGE O'MALLEY |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| JULIUS WILSON, Warden, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. ) | |

Petitioner, Bruce A. Steward, ("Steward"), challenges the constitutionality of his conviction in the case of *State v. Steward*, Richland County Court of Common Pleas Case No. 94-CR-3870. Steward, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on February 10, 2005 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Steward's petition (Doc. No. 1) be DENIED.

## I. Background

### A. Conviction

On September 12, 1994, the Richland County Grand Jury returned an indictment charging Steward with one count of felonious assault in violation of Ohio Revised Code ("O.R.C.") § 2903.11. (Doc. No. 10, Exh. 1.)

On October 28, 1994, Steward withdrew his plea of not guilty and entered a plea of no contest to the charge. (Doc. No. 10, Exh. 3.) On November 29, 1994, the trial court sentenced Steward to a prison term of five to fifteen years. (Doc. No. 10, Exh. 4.) Steward did not file a direct appeal at this time.

On June 6, 1995, the trial court granted Steward's motion for shock probation. The court suspended Steward's sentence and placed him on four years probation. (Doc. No. 10, Exh. 5.)

On January 15, 1998, the trial court issued a bench warrant for Steward's arrest because he violated his probation. (Doc. No. 10, Exh. 2.) On April 13, 1998, after a hearing, the trial court adjudicated Steward as a probation violator and reinstated his original prison sentence of five to fifteen years. (Doc. No. 10, Exh. 2.)

### B. Post-conviction Relief

#### 1. Motion to Vacate Sentence

On March 30, 2001, Steward filed in the trial court a motion to vacate his sentence and appoint counsel. (Doc. No. 10, Exh. 6.) On June 15, 2001, the trial court denied Steward's motion. (Doc. No. 10, Exh. 7.)

On July 3, 2001, Steward appealed to the Ohio Court of Appeals. (Doc. No. 10, Exh. 8, 9, 10.) On March 5, 2002, the Court of Appeals affirmed the trial court's decision.

(Doc. No. 10, Exh. 11.)

On April 16, 2002, Steward appealed to the Ohio Supreme Court. (Doc. No. 10, Exh. 40.) On July 3, 2002, the Ohio Supreme Court denied leave to appeal and dismissed Steward's appeal as not involving any substantial constitutional question. (Doc. No. 10, Exh. 43.)

### 2. Motion to Withdraw No Contest Plea

On July 10, 2001, Steward filed in the trial court a motion to withdraw his no contest plea pursuant to Ohio Crim. R. 32.1. (Doc. No. 10, Exh. 13.) On November 15, 2001, the trial court reviewed Steward's motion as one for post-conviction relief and denied the motion. (Doc. No. 10, Exh. 15.)

On November 28, 2001, Steward appealed to the Court of Appeals. (Doc. No. 10, Exh. 16.) On May 29, 2002, the Court of Appeals affirmed the trial court's decision. (Doc. No. 10, Exh. 20.)

On July 10, 2002, Steward appealed to the Ohio Supreme Court. (Doc. No. 10, Exh. 22.) On November 6, 2002, the Ohio Supreme Court reversed the judgment of the Court of Appeals and remanded the case to the trial court for consideration of *State v. Bush*, 96 Ohio St.3d 235 (2002) (holding that post-conviction remedies do not govern a post-sentence motion to withdraw a guilty plea to correct a manifest injustice). (Doc. No. 10, Exh. 25.)

### 3. Amended Motion to Withdraw No Contest Plea

On December 2, 2002, Steward filed an amended motion to withdraw his no contest plea. (Doc. No. 10, Exh. 26.) On June 10, 2003, the trial court considered *State v. Bush* and denied Steward's motion. (Doc. No. 10, Exh. 28.)

On July 3, 2003, Steward appealed to the Court of Appeals. (Doc. No. 10, Exh. 29.) On June 8, 2004, the Court of Appeals affirmed the trial court's decision. (Doc. No. 10, Exh. 32.)

On July 9, 2004, Steward appealed to the Ohio Supreme Court. (Doc. No. 10, Exh. 34.) On October 13, 2004, the Ohio Supreme Court denied leave to appeal and dismissed Steward's appeal as not involving any substantial constitutional question. (Doc. No. 10, Exh. 36.)

### C. Delayed Appeal

On September 24, 2003, Steward filed in the Court of Appeals a motion for leave to file a delayed appeal. (Doc. No. 10, Exh. 37.) On October 15, 2003, the Court of Appeals denied Steward's motion. (Doc. No. 10, Exh. 39.)

### D. Federal Habeas Petition

On February 10, 2005, Steward, *pro se*, filed a Petition for Writ of Habeas Corpus, asserting three grounds for relief.[1]

---

[1] GROUND ONE: Petitioner was denied his appeal of right due to trial court negligence and defense counsel's failure to provide effective representation, entitling petitioner to an appeal of right retroactive to November 29, 1994, for time purposes, as to deny him such appellate rights violated state and federal constitution(s) and laws.

GROUND TWO: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

GROUND THREE: The trial court committed plain and reversible error when accepting petitioner's plea of no contest in violation of the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution.

(Doc. No. 1.)

In his first ground for relief, Steward claims that neither the trial court nor his trial counsel informed him that he had the right to appeal the conviction. In his second ground, Steward claims that he was denied the effective assistance of trial counsel because counsel failed to: (1) interview witnesses before advising him to enter a plea of no contest to the charge; and (2) present mitigating evidence at the sentencing hearing. In his third ground, Steward claims that the trial court erred in accepting his plea because it failed to: (1) make a specific finding of guilty or not guilty; (2) allow Steward to present mitigating facts regarding the charge; and (3) call for an explanation of the circumstances regarding the charge.

## II. Statute of Limitations

### A. 28 U.S.C. § 2244(d)(1)(D)

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Steward filed his habeas corpus petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). In AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

5

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (B), (D), (2).

The Sixth Circuit grants a one year grace period for convictions which became final prior to April 24, 1996 – the effective date of AEDPA. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *rev'd on other grounds*, 530 U.S. 1257 (2000). Thus, a petitioner whose conviction became final prior to April 24, 1996 would normally have until April 24, 1997 to file his habeas petition. Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

In the instant action, Respondent asserts that Steward's petition is time-barred because he did not file it within the one-year limitations period. Respondent asserts that Steward's conviction became final on December 29, 1994, the date on which the time expired for Steward to appeal to the Court of Appeals. However, because Steward's conviction became final prior to April 24, 1996, Respondent asserts that Steward had until April 24, 1997 to file his habeas petition; he did not do so until February 10, 2005.

Steward claims that the limitations period did not begin to run until he discovered the factual predicate of his claims, pursuant to 28 U.S.C. § 2244(d)(1)(D). He asserts that he did not

discover the factual predicate of his claim until the end of February 2001 when he read the state's response to his habeas petition challenging an unrelated 1998 rape conviction[2] and was informed by a prison law clerk that he had a right to appeal his 1994 conviction.

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period does not start running until the date on which the factual predicate of the claim or claims presented should be discovered through the exercise of due diligence. *See Dicenzi v. Rose*, 419 F.3d 493, 497-500 (6th Cir. 2005) (where petitioner claims that the court or his counsel did not inform him of the right to appeal, his habeas petition is timely so long as he filed his petition within one year of the date in which a reasonable person would have made the discovery through the exercise of due diligence). Therefore, "[t]he proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered his right to an appeal." *Id.* at 498-499.

In *Granger v. Hurt*, the Sixth Circuit held that a district court may not "ignore[] the reality of the prison system and impose[] an unreasonable burden on prisoners seeking to appeal," 90 Fed.Appx. 97, 100 (citing *Wims v. United States*, 225 F.3d 186, 190 n. 4 (2d Cir.2000)). Moreover, § 2244(d)(1)(D) "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *Id.* However, applying these standards, this Court cannot find that Steward exercised due diligence in discovering his claims. The date on which the factual predicate should have been discovered was years before Steward filed his March 2001 appeal.

Although Steward's conviction became final on December 29, 1994, he asserts that he

---

[2]On May 19, 1998, a Crawford County, Ohio jury convicted Steward of one count of rape. Steward contends that his 1994 conviction, which is the subject of the instant habeas petition, was used to enhance his sentence in the 1998 conviction.

did not discover the alleged constitutional violations, as well as his right to appeal his conviction, until over six years later. Steward only submits the conclusory allegation that he discovered the alleged violations in 2001, but does not provide this Court with any evidence demonstrating that he attempted to inquire about his rights regarding the 1994 conviction over these six years.

Of course, defending one's rights is not easy for a prisoner to accomplish. Had Steward not discovered his right to appeal for a few months following his conviction, his delay may have been excuseable. *See Granger*, 90 Fed Appx. at 100 (prisoner waiting for two months to inquire about the statues of appeal is not beyond the exercise of due diligence). However, Steward waited not a matter of months, but a period of six years. From the record before the Court, it appears that Steward made no attempts to discover his rights during this period.

As noted by the Sixth Circuit in *DiCenzi*, if Steward "merely inquired of a court or a public defender regarding whether he had the right to an appeal, he could have found out that he did." *DiCenzi*, 419 F.3d at 498. While Steward was in prison, inquiring about his rights might have been a difficult task if the prison did not provide him with the proper access. However, Steward was paroled six months after his conviction.[3] From June 6, 1995 until January 15, 1998, Steward was a free man who could have simply picked up a phone or walked into the courthouse and inquired about his rights. There is no evidence that Steward did this or any took any other measures to determine his rights. Moreover, in 1998, at the time of his rape trial and his probation violation hearing, Steward clearly had access to both counsel and the courts, yet

---

[3]The fact that Steward was on probation from 1995 to 1998, would not have prevented him from filing a habeas petition during this time. *See Maleng v. Cook*, 490 U.S. 488, 491 (U.S. 1989) (The "in custody" language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus as long as the release of his confinement is conditional and the sentence has not expired.).

8

Steward still did not inquire about his right to appeal.

Giving Steward vast benefit of the doubt, the absolute latest date on which the factual predicate should have been discovered through an exercise of due diligence is May 14, 1999 - a full year after Steward's conviction on the rape charge. As Steward did not file any appeals or post-conviction motions regarding his 1994 conviction in the state courts until March 2001 and did not file his habeas petition until February 10, 2005, Steward filed his petition well outside the 365 day statute of limitations prescribed by AEDPA.

### B. Equitable Tolling

Steward appears to assert that the statute of limitations should be equitably tolled because he was unaware of his right to appeal upon conviction. However, his petition should still be dismissed because he has not met the burden of persuasion.

"[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.2002) "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*; *cf.*

9

*Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151(1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001).

There is no reason to conclude in this case that Steward lacked notice or constructive knowledge of the one-year filing requirement in habeas corpus cases, nor that he was reasonable in remaining ignorant of the statute of limitations in habeas corpus cases, which has been in effect since 1996. Moreover, Steward has not asserted that he was unaware of AEDPA's statute of limitations or the filing requirement under AEDPA. Further, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker*, 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991). An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations"); *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001)(equitable tolling not justified by lack of response from attorney, language barrier,

lack of legal knowledge, and transfer between prisons), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).

As the Seventh Circuit stated in *Williams v. Sims*, 390 F.3d 958 (7th Cir. 2004), even reasonable mistakes of law made by *pro se* litigants are not a basis for equitable tolling. *Id.* at 963. Otherwise, "statute of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have . . . any lawyers." *Id.*

Further, the record reflects that Steward failed to exercise due diligence in pursing his claims and that Steward had ample time to file his habeas petition, as explained in Section II.A, *supra*.

Finally, Respondent certainly will suffer some prejudice, if only in terms of time and expense, if this Court were to equitably toll the statute of limitations in this case.

Therefore, Steward has failed to demonstrate that the statute of limitations should be equitably tolled in this instance.

**C.     Actual Innocence**

In *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate." In *Souter*, the Sixth Circuit ruled that actual innocence is grounds for equitable tolling of AEDPA's one-year statute of limitations. Relying on *Schlup v. Delo*, 513 U.S. 298 (1995), it held that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602. To establish actual innocence, a

11

habeas petitioner must support his allegations of constitutional error "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

Steward does not attempt to make a showing of actual innocence, nor is there any evidence in the record demonstrating such innocence. Therefore, the statute of limitations should not be tolled.

### III. Conclusion

For the foregoing reasons, Steward's petition is time-barred and the Magistrate Judge recommends Steward's Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED.


s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
U.S. Magistrate Judge


Date: May 31, 2006


**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**