UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| BRUCE A. STEWARD, | : | Case No. 1:05CV551 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| | : | |
| ERNIE MOORE, Warden | : | OPINION & ORDER |
| | : | |
| Respondent. | : | |


On February 10, 2005 Petitioner, Bruce A. Steward ("Steward" or "Petitioner"), filed a petition for a *writ of habeas corpus* (Doc. 1) pursuant to 28 U.S.C. § 2254.  On March 25, 2005, the Court referred (Doc. 5) this case to Magistrate Judge Nancy A. Vecchiarelli, ultimately for preparation of a Report and Recommendation ("R&R") regarding Steward's petition.  On December 18, 2006, Respondent filed an Answer/Return of Writ (Doc. 10).  On August 4, 2005, Steward filed a Reply/Traverse (Doc. 11).  On May 31, 2006, Magistrate Judge Vecchiarelli issued her R&R (Doc. 19) recommending that this Court deny Steward's petition and dismiss this case.  On June 16, 2006, Steward filed objections to that R&R (Doc. 22).

The Court agrees with the R&R's conclusion that Steward's petition is time-barred by the AEDPA's statute of limitations.  As outlined in greater detail below, the Court concludes that Steward's petition must be **DENIED** and his case **DISMISSED**.

I.    **BACKGROUND**

The R&R accurately sets forth the undisputed factual and procedural background of this case. (Doc. 19 at pp. 1-5.)  In the interest of efficiency, therefore, the Court adopts the R&R's articulation of the relevant factual and procedural background, and provides only the following summary and augmentation of the facts.

In 1994, Steward entered a plea of no contest to a charge of felonious assault in the Richland County Court of Common Pleas.  (Doc. 10.)  The trial court sentenced Steward to a prison term of 5-15 years.  At the sentencing hearing on November 28, 1994, the trial court did not inform Steward of his appellate rights.  (Doc. 10-46.)  At that time, Steward did not file a direct appeal from his conviction or sentence.  Approximately seven months later, Steward was released from prison and placed on probation for a term of four years.

On April 13, 1998, after issuing a warrant and conducting a hearing, the trial court found, based on a January 11, 1997 indictment for rape, that Steward had violated his probation.  The court, thus, reinstated his original sentence of 5-15 years.

On May 19, 1998, Steward was convicted by a jury in Crawford County, Ohio, of the rape charged in the 1997 indictment, and was sentenced to ten years in prison.  Steward appealed his rape conviction; the Third District Court of Appeals affirmed on September 30, 1999; and the Ohio Supreme Court denied his motion for delayed appeal almost a year later.  *See State v. Steward*, 1999-Ohio-897, 1999 WL 1015070 (Ohio Ct. App. 1999).

On December 7, 2000, Steward filed a petition for a *writ of habeas corpus* in this Court challenging his 1998 rape conviction.  *See Steward v. Bagley*, No. 1:00CV3053, (N.D. Ohio July 27 2001).  Steward asserted three grounds for relief:  First, he claimed that he received ineffective

2

assistance of appellate counsel because his appellate counsel failed to raise claims regarding improper sentencing and ineffective assistance of trial counsel.  Specifically, with respect to improper sentencing, Steward asserted that his appellate counsel should have argued that the trial court violated Ohio's sentencing guidelines when it imposed the maximum sentence for rape without articulating the statutory prerequisites to imposing the maximum sentence.  In his second ground for relief, Steward claimed that his conviction was against the manifest weight of the evidence because there was insufficient evidence to establish the force element of rape.  Third, he claimed that the trial court gave an improper jury instruction regarding the meaning of reasonable doubt.

On July 27, 2001, this Court denied Steward's petition, holding that the first ground failed because of procedural default, and the other grounds failed on the merits.  On April 1, 2002, the Sixth Circuit denied Steward's request for a Certificate of Appealability, thus affirming this Court's denial of his *habeas* petition challenging his 1998 rape conviction.

At the sentencing stage of his rape case, the trial court mentioned that Steward was serving a 5-15 year sentence after violating his probation in connection with the 1994 conviction for felonious assault.  (Doc. 11-2 at p. 3.)  Based on this reference, Steward asserts in this current *habeas* petition that his 1998 sentence was "enhanced" by virtue of his earlier 1994 conviction, though Steward does not seek any remedy for that alleged enhancement – *i.e.*, he does not seek an order setting aside or reducing his 1998 sentence; he seeks only an order allowing him to either withdraw his 1994 plea or to appeal therefrom with the benefit of counsel.[1]

---

[1]    Steward is apparently taking this approach because he believes an attack on the 1998 sentence would be ineffective at this point – he asserts he has been serving only his ten year rape sentence thus far (a sentence imposed almost ten years ago), and that it is the custody arising from his probation violation which he now faces and, thus, now wishes to attack.  `

Steward did not seek post-conviction relief of any kind with respect to his 1994 conviction until March 30, 2001, when he filed a motion to vacate his 1994 sentence in the Richland County Court of Common Pleas. Steward alleges he discovered that he could challenge his 1994 conviction in February of 2001, in the midst of briefing on his federal *habeas* petition in connection with his 1998 conviction. (Doc. 1-2 at 4.) He says that the Respondent's Return of Writ, filed February 15, 2001, alerted him to the possibility of challenging the earlier conviction. He then sought assistance from the clerk of the prison law library, and filed his state motion to vacate the 1994 sentence shortly thereafter. Steward filed several motions for post-conviction relief challenging his 1994 conviction, beginning with his March 30, 2001 motion, the last of which was ultimately dismissed on October 13, 2004. (*See* Doc. 19.)

Importantly, Steward did not seek to amend his then-pending *habeas* petition to lodge a collateral attack on his 1994 conviction on grounds that the earlier conviction had been used to enhance the sentence Steward received in 1998. Instead, as noted above, Steward prosecuted the *habeas* petition attacking his 1998 conviction all the way through appeal, and did so without reference to the validity of his 1994 conviction. Steward also did not thereafter seek leave to file a second or successive petition with respect to his 1998 sentence.

Instead, on February 10, 2005 – more than ten years after he was originally convicted – Steward filed *this* petition for *writ of habeas corpus*. In sum, Steward's petition presents three grounds for *habeas* relief from his 1994 conviction. (Doc. 1 at p. 4.)[2] Steward asserts: (1) that he was denied his right to appeal when the trial court, and his defense counsel, failed to notify him of

---

[2]     None of his grounds for relief in this *habeas* petition relates to his 1998 conviction. Recall that Steward filed a *habeas* petition in connection with his 1998 conviction in 2000, and that it was denied in 2001.

his appellate rights; (2) that he was denied effective assistance of counsel because his trial counsel failed to interview witnesses before advising him to enter a plea of no contest and failed to present mitigating evidence at his sentencing hearing; and (3) that the trial court's acceptance of his plea of no contest violated the 14th Amendment to the United States Constitution and the Ohio Constitution because the court did not make a specific finding of guilty or not guilty on the record, did not allow Steward to present mitigating facts, and did not inquire into the circumstances underlying the charges.

Based on these asserted violations,[3] Steward asks for the following:

> Petitioner respectfully requests that this court grant a conditional writ of habeas corpus which requires the State of Ohio to allow him to either withdraw his plea of no-contest in the 1994 conviction and proceed to trial on the original charge of felonious [sic], or, in the alternative, petitioner requests that this court condition the granting of the writ on the State of Ohio allowing the petitioner to file a direct appeal, retroactive to 1994 for the purpose of federal statute of limitations, with the assistance of competent counsel.  Petitioner further request any other relief this court deems appropriate to resolve the constitutional violations that have occurred.

(Doc. 1-2 at 32-33.)

## II.    LAW AND STANDARD OF REVIEW

Because Steward filed his *habeas* petition on February 10, 2005, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also*

---

[3]    Respondent did not address the merits of Steward's assertion that he was never informed of the right to appeal following his 1994 conviction, or of his right to counsel in connection therewith, instead attacking Steward's filings on a host of procedural grounds.  Because the Court concludes Steward's petition was untimely filed, it too does not address the merits.  For purposes of this order only, the Court proceeds on the assumption that Steward was not informed of his appellate rights, as he should have been.

5

*Woodford v. Garceau*, 538 U.S. 202, 210 (2003).[4]  As a procedural matter, the AEDPA requires that

*habeas* petitions be filed within one year of the latest of four triggering dates.  In pertinent part, the

AEDPA provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## III.   THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge's R&R concludes that Steward's petition is time-barred by the

AEDPA's one-year statute of limitations, and recommends denying the petition and dismissing the

---

[4]   The AEDPA applies to petitions filed *after* the Act's *April 26, 1996* effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

6

case.

First, the R&R analyzes the procedural history of the case and concludes that, because Steward did not file a timely appeal from his conviction, the AEDPA statute of limitations normally would have started to run 30 days after the journal entry of his sentencing in 1994. (Doc. 19 at p. 6.) The Magistrate Judge notes, however, that the Sixth Circuit provides a one-year grace period for convictions which became final prior to the April 23, 1996 adoption of the AEDPA. *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Therefore, under the standard one-year statute of limitations for filing a *habeas* petition (28 U.S.C. § 2244(d)(1)(A)), Steward had until April 24, 1997 to file a *habeas* petition challenging his 1994 conviction. Obviously, Steward's 2005 filing is outside the AEDPA statute of limitations set forth at § 2244(d)(1)(A).

The Magistrate Judge thus turns to § 2244(d)(1)(D) based on Steward's argument that he did not discover his right to challenge the 1994 conviction until February, 2001. Under § 2244(d)(1)(D), the one-year AEDPA statute of limitations does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." After analyzing Steward's diligence, the Magistrate Judge concludes that he could have discovered the factual predicate of his claims years before February, 2001. She proposes that, at the latest, he should have discovered it one year after his rape conviction, *i.e.*, May 14, 1999. Using this as the triggering date, the AEDPA statue of limitations expired in May of 2000, and Steward did not file this *habeas* petition until February 10, 2005.[5]

Next, the R&R disposes of any equitable tolling argument. After setting forth the high

---

[5]     Steward did not file any motions for post-conviction relief in connection with his 1994 conviction until March 31, 2001. Therefore, there was no tolling applicable to the one-year statute prior to that date.

7

standard for equitable tolling, the Magistrate Judge concludes that Steward cannot satisfy the Sixth

Circuit's five-factor test to justify equitable tolling.  *See Dunlap v. United States*, 250 F.3d 1001,

1008 (6th Cir. 2001).  Lastly, the Magistrate Judge concludes that equitable tolling cannot be based

on "a credible showing of actual innocence" because Steward has not argued tolling based on actual

innocence and could not do so based on the record.

The Magistrate Judge concludes that Steward's *habeas* petition is time-barred and

recommends that the court **DENY** the petition and **DISMISS** the case.  The R&R does not address

the merits of Steward's petition.

## IV.    STEWARD'S OBJECTIONS TO THE R&R

In his Petition (Doc. 1-2) and his Reply (Doc. 11) Steward devotes significant attention to

the "in custody" requirement of 28 U.S.C. 2254(a).  The statute requires the petitioner to be "in

custody" in connection with the conviction under attack in his *habeas* petition.  Steward primarily

argues, under the Supreme Court's decision in *Lackawanna County District Attorney v. Coss*, 532

U.S. 394 (2001), that he satisfies this requirement because his 1998 sentence was enhanced based

on his 1994 conviction.  Steward also argues that he has only served six months of his reinstated

sentence in connection with his 1994 conviction. (Doc. 1-2 p. 11.)  That is, he states that his 1994

sentence has not expired.

Steward submits three Objections, two of which reference *Lackawanna*.  (Doc. 22.)  First,

Steward reiterates his argument that *Lackawanna* provides the basis for granting his request for

*habeas* relief in light of his claims that he was not informed of his right to appeal his 1994 conviction

and that his counsel was constitutionally ineffective. Second, he objects to the Magistrate Judge's

determination that his petition is time-barred because he did not exercised due diligence in

discovering the factual predicate of his claims.  He contends that the Magistrate Judge arbitrarily

chose a date by which he should have discovered the factual predicate of his claims, and requests,

at least, an evidentiary hearing on the issue of due diligence. Third, again citing *Lackawanna*,

Steward objects to the Magistrate Judge's conclusion that equitable tolling is not applicable to his

claims.  The Magistrate Judge's R&R (Doc. 22)  recommending dismissal under the AEDPA statue

of limitations does not address *Lackawanna*.

## V.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review

of the portions of the Magistrate Judge's R&R to which Steward has asserted specific objections,

as well as the briefs and relevant supporting materials submitted by the parties.  The Court finds that

the Magistrate Judge reached the proper conclusion based on applicable law and, accordingly,

**ADOPTS** the R&R, thus **DENYING** Steward's petition and **DISMISSING** this case.  Because the

R&R does not specifically address Steward's arguments under *Lackawanna*, and offers relatively

brief explanations of its conclusions, the Court will provide further analysis here.

### A.    The AEDPA 'In Custody' Requirement and *Lackawanna County District Attorney v. Cass*

As discussed above in connection with the R&R, Steward devotes significant attention to the

"in custody" requirement of 28 U.S.C. § 2254.  A threshold issue for any *habeas* petitioner is to

establish that he is "in custody pursuant to the judgment of a State court . . . . " 28 U.S.C. § 2254(a).

In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), the Supreme Court interpreted this language to

"requir[e] that the habeas petitioner be 'in custody' under the conviction or sentence under attack

at the time his petition is filed."  In other words, federal courts do not have jurisdiction to consider

*habeas* petitions challenging expired sentences.  *See Lackawanna*, 532 U.S. at 401.

The Supreme Court in *Lackawanna*, however, clarified a narrow exception to the bar against *habeas* petitions challenging an expired sentence.  In *Lackawanna*, the petitioner had been convicted of crimes in 1986 and sentenced to several years in jail.  *Id*. at 397.  He served the sentence and was released.  In 1990, he was convicted of another crime and sentenced to 6 to 12 years in prison.  At the sentencing hearing in 1990, his 1986 conviction was mentioned.  *Id*. at 398-99.  In 1994, the petitioner filed a *habeas* petition challenging both his 1990 conviction and 1986 conviction.  When confronted with the fact that he was no longer 'in custody' in connection with the 1986 conviction because his sentence had expired, he argued that the 'in custody' requirement was satisfied because his 1990 sentence had been enhanced as a result of his 1986 conviction.  *Id*. at 400.  The Supreme Court held that a petitioner generally can *not* collaterally attack an earlier conviction through a petition for *writ of habeas corpus* on the basis that the earlier conviction had been used to enhance his later sentence.[6]  *Id*. at 403-04. The Court reasoned that the finality of decisions is more important than protecting the petitioner's ability to challenge an expired conviction via the AEDPA.  *Id*.  The Court recognized an exception however, "for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)."  *Id*. at 404.  The Supreme Court further explained the exception as follows:

> As with any § 2254 petition, the petitioner must satisfy the procedural prerequisites

---

[6]     Such an attack on an expired sentence is "collateral" in the sense that the target of the *habeas* petition is the sentence in connection with the later conviction – not the earlier conviction itself.  The petitioner seeks relief related to the later conviction, and the constitutional challenge to the earlier conviction is a means to that end.

for relief including, for example, exhaustion of remedies. . . . When an otherwise qualified § 2254 petitioner can demonstrate that *his current sentence* was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate.

. . .

The general rule we have adopted here . . . reflects the notion that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error. . . . It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. . . . Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. . . .

In such situations, a habeas petition *directed at the enhanced sentence* may effectively be the first and only forum available for review of the prior conviction. . . .

Whatever such a petitioner must show to be eligible for review, *the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition*.

*Id.* at 407 (omitting internal quotations and citations; emphasis added).  In other words, according to *Lackawanna*, a *habeas* petitioner seeking to challenge an expired sentence/conviction based on the contention that the expired conviction was used to enhance his sentence in connection with a subsequent conviction must meet three requirements: (1) the challenged prior conviction adversely affected his sentence for the subsequent conviction; (2) the challenged prior conviction was either obtained in violation of the Sixth Amendment or "under circumstances in which a defendant 'can[not] be faulted for failing to obtain timely review of a constitutional claim' because no avenue of review was available;" and (3) the *habeas* petition seeking to attack the later sentence – *i.e.*, the vehicle through which collateral attack on the earlier sentence is lodged – otherwise satisfies all procedural prerequisites for relief under § 2254. *See Carthen v. Workman*, 121 Fed. Appx. 344, 347

11

(10th Cir. 2005) (quoting *Lackawanna*, 532 U.S. at 404-05).

Steward seizes on the *Lackawanna* exception *both* to satisfy the 'in custody' exception, *and* to excuse his failure to satisfy the statue of limitations (and presumably the other procedural failings to which the Respondent points). Steward reads too much into *Lackawanna*. The narrow exception outlined in *Lackawanna* only applies where the pending *habeas* proceeding seeks to attack a *later* sentence based on the enhancing effect of the allegedly invalid earlier one. *Lackawanna* creates a vehicle to *collaterally* attack an expired state sentence obtained without the benefit of counsel, so as to prevent that earlier sentence from being used to enhance later ones.[7] *Lackawanna* does not, as Steward contends, effectively remove all statute of limitations bars from attacks on state convictions whenever those attacks are premised on claimed Sixth Amendment violations.

Notably, while Steward's Reply to the Respondent's Return of Writ and his Objections to the Magistrate Judge's R&R cite *Lackawanna* and mention the allegedly "enhancing effect" of his 1994 conviction on his 1998 conviction, Steward's petition does not attack or seek to vacate his 1998 sentence. As noted above, it is *only* the 1994 conviction, and the now-reinstated sentence relating thereto, from which Steward seeks relief in this proceeding.[8]

___

[7]     Steward cites *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818 (E.D. Mich. 2004) in support of his argument under *Lackawanna*. *Ward* is distinguishable from the instant case because it involves a purely *collateral* attack. In *Ward*, the petitioner's sentence had expired, and he was clearly challenging the prior conviction's effect on his subsequent sentence, not the prior conviction itself. *Id*. at 825.

[8]     If Steward were to seek to attack his 1998 sentence on *Lackawanna* grounds, he would need to seek permission to do so via a second or successor petition in *that* case. Since *Lackawanna* and its companion case, *Daniels v. United States*, 532 U.S. 374 (2001), were decided on April 25, 2001 -- while his first federal petition relating to his 1998 conviction was still pending before the trial court – it is unclear whether he would be able to obtain permission to do so. Presumably, Steward should have pressed his *Lackawanna* claim at that point in time. As

12

*Lackawanna* simply does not create a new, indefinite and unlimited statute of limitations for *habeas corpus* attacks on uncounseled state convictions.[9]  For these reasons, the Magistrate Judge was correct to assess the timeliness of Steward's attack on his 1994 conviction and sentence (as distinct from his 1998 sentence) by reference to the traditional statute of limitations and tolling principles.

**B.    Steward's Petition is Time-Barred Pursuant to the AEDPA's One-Year Statute of Limitations**.

Steward's *habeas* petition is subject to the AEDPA statute of limitations analysis under established Supreme Court and Sixth Circuit precedent.  As outlined above, the AEDPA requires *habeas* petitions to be filed within one year of the latest of four triggering dates.  28 U.S.C. § 2244(d)(1)(A)-(D).  With this in mind, the Magistrate Judge properly relied on the *Dicenzi* decision in analyzing the statute of limitations issue in the R&R.  (Doc. 19 at 7.)  As in *Dicenzi*, after acknowledging that Steward obviously could not satisfy the standard one-year limitations period under § 2244(d)(1)(A) because over ten years had elapsed between his 1994 conviction and his 2005 *habeas* petition,[10] the Magistrate Judge turned to an alternative triggering provision, § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitations period shall run from: "the date on which the

---

noted, moreover, Steward's own description of his current custody status indicates that he may no longer be "in custody" with respect to the 1998 conviction.

[9]    If it did, the Supreme Court's subsequent decision in *Johnson v. United States*, 544 U.S. 295 (2005) and the Sixth Circuit's subsequent decision in *Dicenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006) (both discussed below) – which *both* found *habeas* petitions challenging uncounseled convictions subject to the due diligence requirement of the AEDPA – would have been unnecessary and, indeed, make no sense.

[10]    Steward concedes that, if applicable, the one-year statute of limitations described in § 2244(d)(1)(A) would bar his claims.  (Doc. 22 at p. 2.)

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In *Dicenzi*, the petitioner ("Dicenzi") plead guilty to two felonies in May of 1999 and was sentenced to a prison term of five years. *Dicenzi*, 452 F.3d at 466. At the sentencing hearing, the trial judge failed to inform Dicenzi of his right to appeal his sentence. Dicenzi did not file any motions for post-conviction relief or appeal his conviction until he contacted the public defender's office in August of 2001 and learned of his right to appeal. *Id*. at 467. He immediately filed a motion for delayed appeal, which was denied. On April 3, 2003, he filed a *habeas* petition alleging, *inter alia*, a Sixth Amendment violation arising out his counsel's failure to inform Dicenzi of his appellate rights, and a due process violation arising out of the trial court's failure to advise him of his appellate rights. After the petition was dismissed by the district court for failure to satisfy the statute of limitations or justify equitable tolling, the Sixth Circuit considered the timeliness issue on appeal. *Id.* at 467.

The Sixth Circuit first analyzed Dicenzi's argument that the statute of limitations did not begin to run until he spoke to the public defender in August 2001 and learned of his right to appeal. *Id.* at 469. Dicenzi argued that he could not have known of his appellate rights prior to that date. The Court analyzed this argument under 28 U.S.C. § 2244(d)(1)(D), which triggers the one-year statute of limitations on "the date on which the factual predicate the claim or claims presented could have been discovered through the exercise of due diligence." *Id*. The Sixth Circuit noted that the district court had not even considered due diligence under § 2244(d)(1)(D), but had simply analyzed the scenario under § 2244(d)(1)(A) and the equitable tolling doctrine. *Id*. at 470. Accordingly, the Sixth Circuit remanded for findings regarding whether Dicenzi exercised due diligence as required

14

to invoke the § 2244(d)(1)(D) statute of limitations trigger.

With respect to § 2244(d)(1)(D), the Sixth Circuit stated: "The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]." *Dicenzi*, 452 F.3d at 470 (quoting *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000) (brackets in original)).   The Court noted that the question of due diligence is fact-specific and depends on various considerations, including the petitioners post-conviction conversations with his lawyer and the conditions of his confinement after sentencing.  *Id.* at 471.  The Court also clarified the that "the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim pursuant to 28 U.S.C. § 2244(d)(1)(D)."  *Id*. (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)).

The Court then briefly addressed the facts relevant to Dicenzi's diligence, noting that he filed his *habeas* petition four years after his conviction became final, he "apparently took no action" for a long period of time, and that he could have asked the public defender or a court about his appellate rights at any time and did not do so.  *Id*. at 470, 471.  In light of the fact that the district court did not conduct *any* analysis of Dicenzi's diligence, however, the Sixth Circuit remanded for findings on the issue.  *Id*. at 472.

*Dicenzi* is directly applicable here because it involved the same alleged constitutional violations Steward is asserting here, *i.e.*, Sixth Amendment and Due Process claims arising from the trial court and counsel's failure to advise the petitioner of appellate rights.  The Sixth Circuit clearly places the burden of establishing due diligence on the petitioner.  *See Dicenzi*, 452 F.3d at 471; *Townsend v. Lafler*, 99 Fed. Appx. 606, 608 (6th Cir. 2004), *cert. denied*, 543 U.S. 1062 (2005).

Accordingly, in order to satisfy the AEDPA statue of limitations under § 2244(d)(1)(D), Steward must establish that, through the exercise of due diligence, he could not have discovered his right to challenge his 1994 conviction until, at most, one year prior to February 10, 2005, the date on which he filed this *habeas* petition.[11]

Steward submits that he discovered his right to challenge the 1994 conviction in late February, 2001, when he read the government's brief in his *habeas* challenge to his rape conviction and that most of the period between that discovery and the filing of this petition was tolled by his state filings. The R&R disagrees and concludes that, at the very latest, Steward should have discovered the predicate facts by May 14, 1999 – one year after Steward's 1998 rape conviction. In addition to objecting to the May 14, 1999 date identified by the Magistrate Judge, Steward objects to the selection of a "hypothetical triggering date" without holding an evidentiary hearing. (Doc. 22 at p. 4.) The facts in the record support the Magistrate Judge's conclusion.

The burden of demonstrating due diligence is on Steward. His explanation for his inactivity in pursuing his rights between 1994 and 2001 is that he assumed he did not have rights to pursue because of the failure of the trial court and his counsel to inform him of the existence of such rights. This however, is an equitable tolling argument and does not excuse Steward's complete failure to act. As noted in *Dicenzi*, Steward's post-conviction conversation with his lawyer and the circumstances of his confinement are relevant considerations in the due diligence inquiry. Although Steward's post-conviction conversation with his lawyer was apparently useless or non-existent, the period of his confinement was brief – after six months he was released on shock probation. Therefore, he had free access to law libraries, the public defender's office, and the court for over six

---

[11]     Accounting for periods of tolling due to the filing of motions for post-conviction relief in state court, of course.

years prior to the date he says he discovered his ability to challenge the conviction.

Moreover, beginning in 1998, he had a series of golden opportunities to inquire about his appellate rights with respect to his 1994 conviction. First, he was arrested for violating the terms of his probation and had a hearing in connection with the 1994 conviction. He could have asked about his appellate rights relating to that earlier conviction at that point in time. Similarly, he could have asked the court or his lawyer about his appellate rights during the course of his 1998 jury trial when he was convicted of rape, or when preparing for the sentencing proceeding relating to that conviction. Indeed, after he was sentenced and the 1994 conviction was "mentioned," and in the course of preparing his state court appeal of that conviction and the sentence, he could have asked his lawyer about his right to challenge the 1994 conviction.

Presumably, this is why the Magistrate Judge chose May 14, 1999 as the most generous hypothetical triggering date – had he been exercising due diligence, Steward would have discovered his ability to challenge the 1994 conviction in the course of identifying all of the potential bases for appealing his 1998 conviction and sentence. For example, due diligence in 1998 and 1999 would have uncovered the argument he belatedly alludes to in his Objections – that his 1998 sentence was unconstitutionally enhanced by his allegedly invalid 1994 conviction. In his Objections, Steward argues that his lawyer for the 1998 rape case should have told him of his ability to challenge the 1994 conviction, but states that this "simply did not happen." Due diligence requires the *petitioner* to pursue his rights, however, and Steward does *not* contend that he ever asked his lawyer about challenging his 1994 conviction.

Further support for the Magistrate Judge's triggering date can be found in the Supreme Court's decision in *Johnson v. United States*, 544 U.S. 295, 311 (2005). In *Johnson*, the petitioner

17

was convicted in federal court of drug-related offenses and sentenced in 1994.  *Id*. at 298.  His

sentence was enhanced based on prior convictions in the Georgia state courts, and he objected to the

enhancement on the basis that at least one of the prior state court convictions was invalid on *Sixth*

*Amendment grounds*.  *Id*.  In 1998, he successfully challenged the Georgia convictions and the state

court reversed the conviction used to enhance his 1994 federal sentence.  *Id*. at 300-01.  Shortly

thereafter, in 1998, the petitioner filed a federal *habeas* petition seeking to vacate his enhanced

sentence.  *Id*. at 301.

The Supreme Court held that the petition was time-barred under the federal analog to 28

U.S.C. § 2244(d)(1)(D)[12] because the petitioner had not exercised due diligence in challenging his

prior state court conviction *after the date of judgment of the conviction enhanced by the challenged*

*state court conviction*. *Id.* at 308-09.  In other words, the Court was willing to treat the 1994 federal

conviction as the triggering date under the statute, but only if the petitioner could show that, after

that point in time, he exercised due diligence in challenging the underlying state conviction.  "The

Court determined that it was the possibility of an enhanced federal sentence that would cause the

defendant to recognize the need to challenge the validity of his prior state convictions."  *United*

*States v. Williams*, 162 Fed. Appx. 254, 258 (4th Cir. 2006).  The Court reasoned that a rule

permitting the petitioner to wait indefinitely to challenge the prior conviction, even after that

conviction has been used to enhance a subsequent conviction, would be inconsistent with one of the

fundamental policies of the AEDPA, finality of judgment.  *Johnson*, 544 U.S. at 1580.  "[B]y

maximizing the time that judgments are open to question, a rule allowing that kind of delay would

thwart one of AEDPA's principal purposes . . ., a purpose that was also central to our decisions in

---

[12] 28 U.S.C. § 2255 ¶ 6.

*Custis* [*v. United States*, 511 U.S. 485 (1994)] and *Daniels* [*v. United States*, 532 U.S. 374 (2001)] . . . ." *Id*. (omitting citations).

The principles that informed the *Johnson* decision are equally applicable here, and demonstrate that the May 14, 1999 triggering date proposed by the Magistrate Judge is truly generous. Steward discovered that his 1994 conviction continued to effect his rights *both* at his April 13, 1998 probation violation hearing *and* when it allegedly was used to enhance his sentence at the sentencing hearing on May 13, 1998. (Doc. 11 at p. 2.) Under *Johnson*, Steward would be required to exercise due diligence in challenging the 1994 conviction *after* April 13, 1998 and May 13, 1998 in order to justify using that date as the triggering event under 28 U.S.C. § 2244(d)(1)(D). Again, Steward bears the burden of establishing due diligence. *Townsend*, 99 Fed. Appx. at 608 ("Habeas claimants invoking this provision shoulder the burden of proving that they exercised due diligence."). He has not submitted any evidence that he was diligent in discovering his ability to challenge the 1994 conviction during the almost three year period between his 1998 probation violation and conviction, and his 2001 state court challenges to the 1994 conviction, a period of time during which he was represented by counsel and made numerous court appearances. Accordingly, he is not entitled to the § 2244(d)(1)(D) trigger and, unless he can satisfy the stringent test for equitable tolling, his petition is barred by the AEDPA statute of limitations.

## C.    Steward Is Not Entitled To Equitable Tolling

Similarly, the Magistrate Judge correctly concluded that equitable tolling is not appropriate here. (Doc. 19 at pp. 9-11.) Failure to file a *habeas* petition within the period prescribed by § 2244(d)(1)(A)-(D) is not jurisdictional, and subject to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) *cert. denied*, 503 U.S. 865 (2004). As stated in the R&R, however, this

19

is not one of the rare circumstances in which equitable tolling is warranted.  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  The Sixth Circuit has found equitable tolling to be appropriate in two circumstances: (1) when the petitioner makes a credible showing of actual innocence;[13] and (2) under the five-factor test established in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (2001).  *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).  The five factors in the *Dunlap* test are as follows:

(1)    the petitioner's lack of notice of the filing requirement;
(2)    the petitioner's lack of constructive knowledge of the filing requirement;
(3)    diligence in pursuing one's rights;
(4)    absence of prejudice to the respondent; and
(5)    the petitioner's reasonableness in remaining ignorant of the legal consequences for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988).  In addition, lack of knowledge of applicable law, including the AEDPA, is not sufficient to justify equitable tolling.  *See Allen*, 366 F.3d at 403 (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991), *cert. denied*, 543 U.S. 865 (2004).  Likewise, the fact that the petitioner is acting *pro se* and is ignorant of applicable procedures is not "an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . ."  *Johnson*, 544 U.S. at 311.  Thus, Steward bears a heavy burden in establishing equitable tolling.

Stewart cannot claim ignorance of the AEDPA filing requirement because he filed a *habeas* petition challenging his 1998 conviction during the time in which he claims he could not have

---

[13]    Steward did not object to the Magistrate Judge's finding regarding actual innocence.

discovered his right to challenge his 1994 conviction.  In fact he filed his *habeas* petition in that case *on time*.  Thus, the first, second, and fifth factors clearly militate against equitable tolling.  As discussed above, Steward has not established that he has been diligent in pursuing his right to file a *habeas* petition.  This is especially true during the time period between his 1998 parole hearing and conviction, and his first challenge to his 1994 conviction in March of 2001.  Therefore, Steward is not entitled to equitable tolling.  *See Allen v. Bell*, 250 Fed. Appx. 713, 715-16 (6th Cir. 2007) (addressing the parameters of each of the *Dunlap* factors).

With respect to equitable tolling, Steward argues in his Objections that the failure of the trial court and his counsel to inform him of his appellate rights in 1994 prevented him from pursuing *habeas* relief.  In support of this argument, he cites cases discussing Sixth Amendment violations, stating that such violations are "unique constitutional defects rising to the level of a jurisdictional defect, which therefore warrants special treatment among alleged constitutional violations."  (Doc. 22 at 5 (omitting quotations and citations)).[14]  However, the Sixth Circuit has held that the state

---

[14]     In his Objections, for example, Steward cites *Halpert v. Michigan*, 545 U.S. 605 (2005); *Lackawanna*, 532 U.S. 394; *United States v. Tucker*, 404 U.S. 443 (1972); *Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005); and *Ward*, 340 F. Supp. 2d 773.  *Halpert*, 545 U.S. 605, is not a *habeas* case, but held that the due process and equal protection clauses require the appointment of counsel for first-level appeals under Michigan law.  Although it confirms that the right to counsel is important, *Halpert* is not useful in addressing whether Steward is entitled to equitable tolling.  Similarly, in *Tucker*, 404 U.S. 443, the Supreme Court held that a state conviction obtained in violation of the Sixth Amendment could not be used to enhance a subsequent sentence.  The case predated the AEDPA by decades, however, and does not even mention statute of limitations issues.  The applicability of *Lackawanna* and *Ward* has already been discussed above in the context of the "in custody" requirement.  *Turner*, 401 F.3d 718, is a Sixth Circuit case in which the *habeas* petitioner's efforts to file a direct appeal of his state court conviction had been repeatedly thwarted by appointed counsel.  The Sixth Circuit held that, under these circumstances, the *exhaustion* requirement of 28 U.S.C. § 2254(b)(1)(A) was excused.  *Id.* at 728.  *Turner* did not address the AEDPA statute of limitations or equitable tolling.  In sum, none of these cases lends significant support to

court's failure to advise the petitioner of his appellate rights does not alone justify equitable tolling. *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002).  As noted in *Miller*, the state court's failure to notify the petitioner of his appellate rights "may have interfered with [the petitioner's] direct appeal in state court . . . but [he] has failed to explain how the actions prevented him from filing his federal habeas petition."  *Id.  See also*, *Santiago v. Hurley*, 2:05CV560, 2006 WL 3196295, at *6 (S.D. Ohio Nov. 2 2006).  In addition, that Steward's attorney failed to notify him of his appellate rights does not justify equitable tolling.  Insufficient legal advice is not enough to support equitable tolling in the Sixth Circuit.  *See Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003); *see also Miller v. Jefferys*, 3:05CV1989, 2006 WL 346938, at 6-7 (N.D. Ohio Nov. 30 2006) (summarizing cases denying equitable tolling despite attorney errors).

All things considered, this is simply not one of the rare circumstances where the petitioner's failure to timely file his *habeas* petition resulted from circumstances entirely beyond his control.  *See Graham-Humphreys*, 209 F.3d at 560-61.  Accordingly, Steward is not entitled to equitable tolling, and his petition is time-barred.

### D.    Evidentiary Hearing

In his Objections, Steward requests an evidentiary hearing on the issue of whether he exercised due diligence in discovering his ability to challenge his 1994 conviction.  An evidentiary hearing is appropriate if the petitioner satisfies the requirements of 28 U.S.C. § 2254(e)(2).  Section 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

---

Steward's equitable tolling argument.

> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Court finds that the factual record in this case is sufficient to conclude that Steward has not exercised due diligence in pursuing *habeas* relief.  Steward's own admissions in his briefs that he did not actively investigate the possibility of challenging his 1994 conviction until 2001, as well as excerpts from the transcript of his 1998 sentencing hearing mentioning the 1994 conviction, demonstrate that Steward did not exercise due diligence.  Accordingly, Steward's request for an evidentiary hearing is denied.

## VI.    <u>CONCLUSION</u>

For the foregoing reasons, Steward's petition is time-barred by the AEDPA's one-year statute of limitations.  The Court therefore **<u>ADOPTS</u>** the magistrate judge's R&R **<u>DENYING</u>** Steward's petition for a *writ of habeas corpus*.

Accordingly, Bruce A. Steward's petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1) is **<u>DENIED</u>** and his case **<u>DISMISSED.</u>**

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
_____
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

DATED:  March 26, 2008

23